**UNITED STATES of America,**

v.

**Steven Ganesh SINGH, Appellant.**

**No. 99–6064.**

United States Court of Appeals,
Third Circuit.

Argued June 16, 2002.

Decided July 31, 2002.

Edna Ball Axelrod (Argued), South Orange, New Jersey, for Appellant Steven Ganesh Singh.

Elizabeth S. Ferguson (Argued), Assistant United States Attorney, Christopher J. Christie, United States Attorney, George S. Leone, Chief, Appeals Division, Newark, New Jersey, for Appellee United States of America.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

A jury convicted defendant of conspiracy to distribute heroin and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 78 months imprisonment, five years supervised release, and a fine of $500.

On appeal, defendant contends that the District Court erred in admitting evidence of his personal use of marijuana and questioning him about his brother's alleged cocaine trafficking. Defendant also contends that his sentence should have been reduced because he was a minor participant in the conspiracy. We will affirm.

In the course of a controlled buy, the defendant delivered a brown bag containing heroin to Kofi Asamoah who sold it to a confidential informant. Asamoah was arrested and agreed to cooperate. He telephoned the defendant and arranged a meeting. When the defendant arrived at the appointed location, he was arrested. After being given *Miranda* warnings, defendant confessed to the officers that he knew the brown bag he had previously delivered to Asamoah contained 300 grams of heroin.

During the trial, the defendant was questioned on cross-examination about whether Asamoah was the type of person who would smoke pot. After admitting that he was such an individual, the prosecutor asked defendant if he smoked pot. The defendant answered, "No." Defense counsel objected, and after a sidebar conference, the prosecutor resumed questioning on that topic. Defendant again denied smoking pot with Asamoah and continued that he "would not lie" and that he was a member of the New Hope Baptist Church.

In another instance, the prosecutor questioned the defendant about his brother who lives in Trinidad. The questioning was whether the brother dealt cocaine or other drugs and whether he had ever sent a package of cocaine to Miami. The prosecutor concluded with, "Did you ever tell anyone that your brother ... is a drug dealer?" The defendant denied this series of questions as well. On rebuttal, the defendant's employer said that the defendant had mentioned that his brother sent drugs to Miami.

During his charge to the jury, the trial judge stated that evidence of the brother's conduct was only for the limited purpose of determining the defendant's credibility. Similarly, he charged that the evidence of pot-smoking was for credibility determinations and also for whether the defendant acted knowingly, intentionally, and not because of mistake, accident or some innocent reason. The judge also admonished the jury that it should not consider this evidence as proof that the defendant had a criminal personality or bad character.

We review a district court's ruling on admissibility of evidence on an abuse of discretion standard. *See Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d Cir.2002). The parties have posed the question whether the challenged evidence was governed by Federal Rule of Evidence 404 or 608. *See United States v. Davis*, 183 F.3d 231, 256–57 (3d Cir.1999) (discussing the interplay between Rule 404 and 608 with respect to evidence of other crimes or wrongs).

We must confess some doubt that the evidence here is properly within the proper scope of either Rule, and may be be-

yond the ruling in *United States v. Boone*, 279 F.3d 163 (3d Cir.2002). Nevertheless, we find it unproductive to discuss these issues because we are persuaded that the admission of the evidence was harmless error.

In this day and age, the fact that a person smoked marijuana in circumstances as those described in this case is highly unlikely to influence a jury's verdict. The government's inquiry into the defendant's brother's alleged activities is less defensible. Nevertheless, the admission of this evidence under the limiting instruction given by the trial judge was unlikely to have changed the outcome of the case given the defendant's confession to the police on two separate occasions some hours apart. However, our ruling in no way should be seen as approval of the overzealous actions of the government's trial attorney in presenting the questionable testimony here.

We also find no merit to the contention of the District Court's factual finding that the defendant was not a minor participant.

Accordingly, the judgment of the District Court will be affirmed.